CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for C'ville
MAR 28 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

JOHN T. NELSON,

    *Plaintiff,*

v.

LORI GREEN, ET AL.

    *Defendants*

CIVIL NO. 3:06cv00070

ORDER and OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Plaintiff's Motion to Proceed Under Pseudonyms, filed on December 29, 2006 (docket entry no. 2). For the following reasons, this motion is hereby GRANTED.

## I. BACKGROUND

Plaintiff, John T. Nelson, is the father of six-year-old Sarah Doe ("Sarah"), who lives with her mother Cathy Doe ("Cathy").[1] Defendants are employees or agents of the Albemarle County Department of Social Services ("ACDSS") who were involved in an investigation of child abuse allegedly committed by Plaintiff.

Plaintiff alleges that Defendants engaged in willful, intentional, and grossly negligent conduct in an effort to establish a false finding that Plaintiff had sexually abused Sarah. He alleges that Defendants acted together to procure a psychological evaluation of Sarah in order to then bring false charges of child abuse against him; Plaintiff states that Defendants knew that the evaluation would be unreliable. Following the psychological evaluation, Defendants were given

---

[1] The parties names as used here are pseudonyms.

information that would refute the results of the evaluation, including a finding by the Albemarle County Juvenile & Domestic Relations Court ("JDR Court") that the evaluation was "tainted" and was inadequate to support a finding that Plaintiff abused Sarah.

Despite this finding, Defendants rendered an administrative decision—a Level 1 "founded disposition," the most serious type—against Plaintiff. Under Virginia law, a "founded" disposition burdens both Plaintiff and Sarah, including the attendant stigmatization, permanent interference with the parent-child relationship, registration on a child abuse registry, and a reduction in visitation rights. Defendants used this "founded" disposition in several ways against Plaintiff to his detriment. Plaintiff also alleges that this "founded" disposition was false and was later overturned by a neutral hearing officer and that Defendants engaged in various misconduct along the way.

Plaintiff sued under 42 U.S.C. § 1983 and § 1985 for alleged constitutional violations and under state law for alleged malicious prosecution. He seeks $2 million in compensatory damages, $2 million in punitive damages, and an injunction prohibiting Defendants from further violating Plaintiff's relationship with Sarah.

Plaintiff has filed a motion to proceed under pseudonyms. Summonses have not yet issued and Defendants have not yet been served.

## II. DISCUSSION

There is a presumption of openness in judicial proceedings, *see, e.g., James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties ...."), but a party may overcome that presumption and proceed under pseudonyms, *see James*, 6 F.3d at 238 ("[U]nder appropriate circumstances anonymity may, as a matter of discretion, be permitted.").

In *James*, the Fourth Circuit provided district courts with five non-exhaustive factors to consider when faced with a motion to proceed under pseudonyms. Those factors are: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;" (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;" (3) "the ages of the persons whose privacy interests are sought to be protected;" (4) whether the action is against a governmental or private party;" (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *See id.* The Court will, at this point, consider only these five factors because Plaintiff has not submitted other factors for the Court's consideration and because Defendants are not a party to this motion and have not yet been served.

At this point, factor (1) favors anonymity. Although Plaintiff likely seeks "to avoid the annoyance and criticism" that may be involved in this suit, he also seeks to preserve his daughter's privacy in "a matter of sensitive and highly personal nature"—namely, the information about her gleaned from evaluations.

Factor (2) does not favor anonymity—although identification of Sarah's identity could conceivably pose a risk of future mental harm, that harm would not be "retaliatory" in nature.

Factor (3) heavily favors anonymity. Sarah was four years old when the activities Plaintiff alleges occurred. She is now six years old. "Courts are often more willing to allow parties to proceed anonymously in order to protect the privacy rights of children." *Doe v. N.C. Cent. Univ.*, No. 1:98cv01095, 1999 WL 1939248 (Apr. 15, 1999) (unreported decision).

Factor (4) favors neither side of the argument. Although Plaintiff is alleging wrongdoing by employees of the ACDSS, he is suing them in their official and individual capacities and has

not sued ACDSS itself.

Factor (5), at this point, favors Plaintiff. Defendants will be aware of the parties' true identities and will be able to proceed in this matter.

Because, however, Defendants have not yet been served and have not yet appeared in this action, the Court's ruling may be subject to review later in these proceedings.

Therefore, it is ORDERED as follows:

(1) Plaintiff may litigate this case under the pseudonym "John Nelson" and may refer to his child as "Sarah Doe" and to Sarah's mother as "Cathy Doe";

(2) Plaintiff is hereby given FIFTEEN days within which to file an amended complaint using the pseudonyms above;

(3) The Clerk of the Court shall file all pleadings and documents that reveal the identity of the child or parents under seal and such pleadings and documents shall not be subject to public review; and

(4) all parties shall use the pseudonyms identified above in all pleadings and documents and shall maintain the confidentiality of the child and parents.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

March 28, 2007
Date

- 4 -

Case 3:06-cv-00070-NKM-RSB    Document 3    Filed 03/28/07    Page 4 of 4    Pageid#: 21