**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN T. NELSON, | |
| *Plaintiff,* | CASE NO. 3:06-cv-00070 |
| v. | |
| LORI GREEN, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| *Defendants.* | |

## I. INTRODUCTION

This matter is before the Court on documents filed on October 28, 2013 under seal
("Defendants' Exhibits" or "Exhibits") (docket no. 160) as exhibits to Defendants Lori Green,
Cindy Casey, Kathy Ralston, and John Freeman's Reply Brief ("hereinafter "Defendants")
(docket no. 158) to Defendants' Motion to Dismiss Plaintiff's Complaint (docket no. 144).   This
Court issued an order (docket no. 3) on March 28, 2007 granting Plaintiff's Motion to Proceed
Under Pseudonyms (docket no. 2).   Defendants rely on that order in filing their exhibits under
seal.   Since 2007, the United States District Court for the Western District of Virginia has
promulgated new local rules that have changed case management and sealing procedures.   Given
those changes, legal development about the sealing of documents, and the particular personal
identifiers included in Defendants' sealed exhibits (docket no. 158), it appears necessary to
address these sealed exhibits and procedures related to filing sealed documents.

For the reasons that follow, Defendants' Exhibits will remain sealed.   However, the Clerk
of the Court is ORDERED to return the sealed documents, in paper form, to Defendants' counsel

1

at the conclusion of the case, rather than unsealing the Exhibits.  *See* W.D. Va. Gen. R. 9 and its commentary.  This Court's March 28, 2007 order granting Plaintiff's Motion to Proceed Under Pseudonyms remains in force, and the Clerk of the Court shall continue to file all pleadings and documents that reveal the identity of the child or parents in this case under seal.  *See Nelson v. Green*, No. 3:06-cv-00070, 2007 WL 984127 (W.D. Va. Mar. 28, 2007).  Finally, this Court hereby AMENDS its May 23, 2007 pretrial order (docket no. 24), replacing it with the one attached to this order as Exhibit Two.

## II. FILING DOCUMENTS UNDER SEAL

Since 2007, multiple legal developments have affected sealing procedures in federal district courts.  The United States District Court for the Western District of Virginia has also adopted Local Rules that address sealing procedures.  *See* W.D. Va. Gen. R. 9.  Upon review of relevant case law and this Court's March 28, 2007 order allowing Plaintiff to proceed under pseudonyms, neither this law nor the Local Rules change sealing procedures for documents revealing the identity of the child or parents in this case.  *See, e.g.*, *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724 (W.D. Va. 2012) (applying the five-prong test from *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), on a motion for leave to proceed under pseudonyms); *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993); W.D. Va. Gen. R. 9.  Therefore, this Court's March 28, 2007 order continues to require that documents revealing the child or parents' identities be filed under seal, among other provisions.[1]

The parties should note that any documents they seek to file under seal in this case that fall outside this Court's March 28, 2007 order must be filed in adherence with Local Rule 9.

---

[1] For reference, I attach my March 28, 2007 order as Exhibit One.

### III. DEFENDANTS' EXHIBITS

Defendants submitted Exhibits under seal on October 28, 2013 that list the names, social security numbers, and detailed personal descriptions of the parents involved in this case, as well as either former or current addresses for the parents and child at issue.  Counsel alone bears responsibility for redacting personal identifiers from pleadings as required by the federal rules of civil procedure, *see* W.D. Va. Gen. R. 8.  But the Court will act here to ensure the Clerk of the Court will not inadvertently release this information at the close of this case.  Therefore, the Clerk is ordered to send these Exhibits back to Defendants' counsel at the conclusion of this case, rather than simply unsealing them.

### IV. PRETRIAL ORDER

This Court issued its pretrial order on May 23, 2007 (docket no. 24).  Since then, case management procedures have changed in the Western District of Virginia, as have procedures related to filing sealed documents.  Therefore, the pretrial order in this case is hereby replaced by a new pretrial order, attached here as Exhibit Two.

### V. CONCLUSION

For the reasons stated above, Defendants' Exhibits (docket no. 160) will remain sealed, but the Court ORDERS the Clerk of the Court to return the sealed documents, in paper form, to Defendants' counsel at the conclusion of the case.  The Court clarifies that its March 28, 2007 order governing the use of pseudonyms in this case remains in force.  *See* Exhibit One.  Finally, the May 23, 2007 pretrial order in this case (docket no. 24), is hereby AMENDED AND REPLACED with the one attached to this order as Exhibit Two.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 31st day of October, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

# Exhibit One

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 2 8 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN T. NELSON, | CIVIL NO. 3:06cv00070 |
| *Plaintiff,* | |
| v. | ORDER and OPINION |
| LORI GREEN, ET AL. | |
| *Defendants* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion to Proceed Under Pseudonyms, filed on December 29, 2006 (docket entry no. 2). For the following reasons, this motion is hereby GRANTED.

## I. BACKGROUND

Plaintiff, John T. Nelson, is the father of six-year-old Sarah Doe ("Sarah"), who lives with her mother Cathy Doe ("Cathy").[1] Defendants are employees or agents of the Albemarle County Department of Social Services ("ACDSS") who were involved in an investigation of child abuse allegedly committed by Plaintiff.

Plaintiff alleges that Defendants engaged in willful, intentional, and grossly negligent conduct in an effort to establish a false finding that Plaintiff had sexually abused Sarah. He alleges that Defendants acted together to procure a psychological evaluation of Sarah in order to then bring false charges of child abuse against him; Plaintiff states that Defendants knew that the evaluation would be unreliable. Following the psychological evaluation, Defendants were given

---

[1] The parties names as used here are pseudonyms.

information that would refute the results of the evaluation, including a finding by the Albemarle County Juvenile & Domestic Relations Court ("JDR Court") that the evaluation was "tainted" and was inadequate to support a finding that Plaintiff abused Sarah.

Despite this finding, Defendants rendered an administrative decision—a Level 1 "founded disposition," the most serious type—against Plaintiff. Under Virginia law, a "founded" disposition burdens both Plaintiff and Sarah, including the attendant stigmatization, permanent interference with the parent-child relationship, registration on a child abuse registry, and a reduction in visitation rights. Defendants used this "founded" disposition in several ways against Plaintiff to his detriment. Plaintiff also alleges that this "founded" disposition was false and was later overturned by a neutral hearing officer and that Defendants engaged in various misconduct along the way.

Plaintiff sued under 42 U.S.C. § 1983 and § 1985 for alleged constitutional violations and under state law for alleged malicious prosecution. He seeks $2 million in compensatory damages, $2 million in punitive damages, and an injunction prohibiting Defendants from further violating Plaintiff's relationship with Sarah.

Plaintiff has filed a motion to proceed under pseudonyms. Summonses have not yet issued and Defendants have not yet been served.

## II. DISCUSSION

There is a presumption of openness in judicial proceedings, *see, e.g.*, *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties ...."), but a party may overcome that presumption and proceed under pseudonyms, *see James*, 6 F.3d at 238 ("[U]nder appropriate circumstances anonymity may, as a matter of discretion, be permitted.").

In *James*, the Fourth Circuit provided district courts with five non-exhaustive factors to consider when faced with a motion to proceed under pseudonyms. Those factors are: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;" (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;" (3) "the ages of the persons whose privacy interests are sought to be protected;" (4) whether the action is against a governmental or private party;" (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *See id*. The Court will, at this point, consider only these five factors because Plaintiff has not submitted other factors for the Court's consideration and because Defendants are not a party to this motion and have not yet been served.

At this point, factor (1) favors anonymity. Although Plaintiff likely seeks "to avoid the annoyance and criticism" that may be involved in this suit, he also seeks to preserve his daughter's privacy in "a matter of sensitive and highly personal nature"—namely, the information about her gleaned from evaluations.

Factor (2) does not favor anonymity—although identification of Sarah's identity could conceivably pose a risk of future mental harm, that harm would not be "retaliatory" in nature.

Factor (3) heavily favors anonymity. Sarah was four years old when the activities Plaintiff alleges occurred. She is now six years old. "Courts are often more willing to allow parties to proceed anonymously in order to protect the privacy rights of children." *Doe v. N.C. Cent. Univ.*, No. 1:98cv01095, 1999 WL 1939248 (Apr. 15, 1999) (unreported decision).

Factor (4) favors neither side of the argument. Although Plaintiff is alleging wrongdoing by employees of the ACDSS, he is suing them in their official and individual capacities and has

- 3 -

not sued ACDSS itself.

Factor (5), at this point, favors Plaintiff. Defendants will be aware of the parties' true identities and will be able to proceed in this matter.

Because, however, Defendants have not yet been served and have not yet appeared in this action, the Court's ruling may be subject to review later in these proceedings.

Therefore, it is ORDERED as follows:

(1) Plaintiff may litigate this case under the pseudonym "John Nelson" and may refer to his child as "Sarah Doe" and to Sarah's mother as "Cathy Doe";

(2) Plaintiff is hereby given FIFTEEN days within which to file an amended complaint using the pseudonyms above;

(3) The Clerk of the Court shall file all pleadings and documents that reveal the identity of the child or parents under seal and such pleadings and documents shall not be subject to public review; and

(4) all parties shall use the pseudonyms identified above in all pleadings and documents and shall maintain the confidentiality of the child and parents.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

_____
March 28, 2007
Date

- 4 -

# Exhibit Two

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| John T. Nelson | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:06-cv-70 |
| | ) | |
| Lori Green, et al. | ) | **PRETRIAL ORDER** |

*The court proposes the following as a pretrial order pursuant to Federal Rule of Civil Procedure 16(b).  If no party requests changes within 10 days, it will constitute the scheduling order in this case.  The court may amend the order on its own motion, or **the parties may amend the order's disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f).***

## Summary

**TRIAL DATE:**          **Contact Heidi Wheeler, scheduling clerk, at (434) 296-9284, within 14 days of this order for the purpose of setting a trial date.**

**PLACE:**          **UNITED STATES DISTRICT COURT**
**255 West Main Street**
**Charlottesville, VA 22902**

| | |
|---|---|
| **FED.R.CIV.P.26(f) CONFERENCE:** | **14 days from this order** |
| **INITIAL DISCLOSURES UNDER FED.R.CIV.P.26(a):** | **30 days from this order** |
| **PLAINTIFF(S) INITIAL EXPERT DISCLOSURE:** | **75 days from this order** |
| **DEFENDANT(S) INITIAL EXPERT DISCLOSURE:** | **90 days from this order** |
| **DEADLINE TO COMPLETE DISCOVERY:** | **90 days before trial date** |
| **DEADLINE TO FILE DISPOSITIVE MOTIONS:** | **75 days before trial date** |
| **DEADLINE FOR HEARING DISPOSITIVE MOTIONS:** | **45 days before trial date** |

## Trial and Settlement

1.      This case is set for a jury trial.

2.      Proposed jury instructions and special interrogatories must be filed with the clerk of the court at least 7 days prior to trial, with copies provided to opposing counsel.

3.      Motions in limine must be filed with the clerk of court at least 14 days prior to trial, with copies provided to opposing counsel.  Opposition briefs to any motion in limine must be filed with the clerk of the court at least 7 days prior to trial.

4.      If the case settles before trial and the court does not receive a proposed final order within 30 days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice.

## Motions

5.      All dispositive motions must be filed no later than 75 days before trial and must be heard or submitted for decision no later than 45 days before trial.  If the parties agree that a dispositive motion is appropriate for decision without oral argument they must file a stipulation no later than 45 days before trial stating that the motion is ripe for decision.

6.      A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.  If a motion that is not unopposed has been filed before this order without legal argument to support it, the movant must file a supporting brief within 14 days of the date of this order or the motion will be dismissed.

7.      If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed within 14 days of the date of service of the movant's brief (or within 14 days of this order if a motion and supporting brief were served before this order).  Except for good cause

2

shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed.  If a moving party desires to submit a reply brief, it must be filed within 7 days of the date of service of the brief opposing the motion.  A surreply brief may not be filed without prior leave of the court.

8.      Exclusive of any accompanying exhibits, a brief may not exceed 25 pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Times, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

9.      When a dispositive motion, together with its supporting brief and exhibits (or any other brief combined with exhibits), consists of 50 or more pages, the filing party must send a paper courtesy copy of the documents to the chambers of the presiding District Judge at 1101 Court Street, Room 390, Lynchburg, VA 24504.

10.      No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of W.D. Va. Gen. R. 9.  The requirements of Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.  *See* W.D. Va. Gen. R. 9(g).

11.      If any party desires a hearing on any dispositive or nondispositive motion, then no later than 14 days after the filing of the last brief on the motion, that party must contact Heidi Wheeler, scheduling clerk, to set a hearing date.  If no hearing on the motion is necessary, the moving party must file a notice that the motion is ripe for decision, no later than 14 days after the filing of the last brief on the motion.  In any event, if within 45 days of the filing of any dispositive or nondispositive pretrial motion, no party has scheduled the motion for hearing or advised the court that the motion is ripe for decision, the court may deny the motion with or without prejudice.

12.     Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation or modification.

13.     All nondispositive pretrial motions and issues, including any requested changes in this order, are hereby referred to United States Magistrate Judge Robert S. Ballou pursuant to 28 U.S.C. § 636(b)(1)(A).

## Discovery

14.     Unless the parties stipulate otherwise, within 14 days of the date of this Order, the parties must confer and develop a discovery plan as required by Rule 26(f).

15.     Unless the parties stipulate otherwise, initial disclosures as required by Rule 26(a)(1) must be made within 30 days of the date of this Order.

16.     All discovery must be completed at least 90 days prior to trial.  This schedule requires that written discovery be served in sufficient time to allow the responding party time to respond before the cutoff date for discovery.

17.     Except for disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties **must** file, the parties are not to file discovery and disclosure material unless and until actually used in the proceeding.

## Expert Witnesses

18.     Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the plaintiff must submit the written report of each expert not later than 75 days from the date of this order, and the defendant

4

must submit the written report of each expert no later than 90 days from the date of this order. Supplemental and additional reports may be thereafter submitted, if submitted "in sufficient time" that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

19.     With respect to expert witnesses who are not retained or specially employed to provide expert testimony or whose duties as an employee of the party do not regularly involve giving expert testimony, such as a treating physician or clinician, the plaintiff must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than 75 days from the date of this order, and the defendant must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than 90 days from the date of this order.  Supplemental and additional disclosures may be thereafter submitted, if submitted "in sufficient time" that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

20.     Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment.

21.     The parties shall exchange lists of the witness they expect to call at trial no later than 21 days prior to trial.  For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

## Mediation

22.     At the request of any party, the court will refer the case to the magistrate judge to conduct mediation.

## Joinder of Other Parties

23.     The court shall consider motions to join other parties in accordance with Rules 19, 20, and 21 of the Federal Rules of Civil Procedure.  Except for good cause shown, any such motion must be filed no later than 45 days from the date of this order.

## Amendment of Pleadings

24.     The court shall consider a party's motion to amend pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure.  Except for good cause shown, any such motion must be filed no later than 45 days from the date of this order.

## Integrated Pretrial Order

25.     No later than 7 days before trial the parties shall jointly file a proposed pretrial order briefly summarizing the following:

- any contested issues of law that require a ruling before trial;
- the essential elements that a party must prove to establish any meritorious claims remaining for adjudication, and the damages or other relief sought;
- the essential elements that a party must prove to establish any meritorious defenses;
- the material facts and theories of liability or defense;
- the issues of fact contested by each party;
- any contested issues of law that do not require a ruling before trial;
- any stipulations; and

6

• any special voir dire questions.

For those items, if any, on which the parties are unable to agree, each party shall briefly summarize its position in a separately filed addendum to the joint proposed pretrial order.

It is so **ORDERED**.

ENTERED this <u>31st</u> day of October, 2013.



_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE